# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMPOWER OVERSIGHT WHISTLEBLOWERS & RESEARCH, 11166 Fairfax Blvd., Suite 500 #1076 Fairfax, VA 22030<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION, 100 F Street, NE Washington, DC 20549<br><br>*Defendant.* | Civil Action No.: 25-317 |

## COMPLAINT

1. Plaintiff Empower Oversight Whistleblowers & Research (hereinafter, "Empower Oversight") brings this action against Defendant U.S. Securities and Exchange Commission ("SEC") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. The requested records concern conflicts of interest involving former high-level officials at the SEC, including William Hinman, and they will demonstrate how the SEC mitigated or failed to mitigate those conflicts.

3. These controversies arose after the SEC's selective enforcement decisions on cryptocurrencies, which raised serious concerns about the SEC's objectivity.

4. To better understand these issues, on May 9, 2022, Empower Oversight sent a letter to the SEC's Office of the Inspector General ("OIG") requesting a comprehensive review of the SEC's ethics officials' failure to properly manage Mr. Hinman's potential conflict of interest surrounding cryptocurrency issues.

5. After two years passed, Empower Oversight received no response to that May 9, 2022 letter. However, during the course of discussions regarding a separate FOIA matter, the SEC represented to Empower Oversight that OIG was nearing completion of an investigation related to the conflict issues Empower Oversight identified in its May 9, 2022 letter.

6. As discussed below, Empower Oversight submitted two FOIA requests to obtain records regarding that investigation. To date, the SEC has failed to provide any substantive response to either request.

7. By failing to respond to either request, the SEC is depriving Empower Oversight and the public of vital information needed to assess whether the SEC's recent actions regarding the cryptocurrency market were affected by conflicts of interest.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Additionally, it may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*.

9. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

10. Plaintiff Empower Oversight is a nonprofit, nonpartisan educational organization dedicated to enhancing independent oversight of government and corporate wrongdoing. Empower Oversight works to help insiders safely and legally report waste, fraud, abuse, corruption, and misconduct to the proper authorities, as well as work to hold authorities accountable to act on such reports. Empower Oversight has its principal place of business located in Fairfax, Virginia, and it submitted the FOIA Requests described herein to the SEC.

11. The SEC is an agency of the federal government within the meaning of 5 U.S.C. § 552(f), and it has possession and control of the records Empower Oversight seeks.

## BACKGROUND

**Request 1**

12. On December 13, 2024, Empower Oversight submitted a FOIA request to the SEC. *See* Ex. A.

13. In that request, Empower Oversight sought: "the SEC-OIG's completed report regarding its investigation into William Hinman." *See id.* at 2.

14. On December 16, 2024, the SEC sent a letter to Empower Oversight acknowledging receipt of the request and assigning it tracking number 25-00981-FOIA. *See* Ex. B.

15. In that response, the SEC also stated that it was unable to respond within the statutory deadline and invoked a 10-day extension. *See id.* at 1.

16. On December 18, 2024, the OIG separately acknowledged receipt of this request and assigned it tracking number 25-00002-OIG. *See* Ex. C.

17. The OIG also stated it was unable to respond within the statutory deadline and invoked a 10-day extension. *See id.* at 1.

18. On December 20, 2024, the OIG sent a letter classifying Empower Oversight as a media requester. *See* Ex. D at 1.

19. Since then, Empower Oversight has received no further response regarding this FOIA request.

**Request 2**

20. On December 17, 2024, Empower Oversight submitted a FOIA request to the SEC. *See* Ex. E.

21. In that request, Empower Oversight requested five categories of records:

- All internal and external communications and correspondence (emails, memos, notes, etc.) related to the investigation.

- Reports, findings, analyses, or summaries produced during or as a result of the investigation.

- Audio, video, or photographic evidence collected or used in the investigation.

- Transcripts of interviews, depositions, or affidavits given by any person in connection with the investigation.

- Any other documents or records that discuss, reference, or are generated in relation to the said OIG investigation and report.

*See id.* at 1–2.

22. On December 19, 2024, the SEC acknowledged receipt of this request and assigned it tracking number 25-00003-OIG. *See* Ex. F.

23. In that response, the SEC also stated that it was unable to respond within the statutory deadline and invoked a 10-day extension. *See id.* at 1.

24. Since then, Empower Oversight has received no further response regarding this FOIA request.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552

25. Plaintiff repeats the foregoing paragraphs as if set forth fully herein.

26. The SEC is an agency of the federal government within the meaning of 5 U.S.C. § 552(f).

27. By letters dated December 13 and 17, 2024, Empower Oversight submitted valid FOIA requests to the SEC. *See* Exs. A & E.

28. Those requests reasonably described all requested records and complied with all applicable statutes and regulations.

29. The SEC has failed to respond to the requests by conducting a search reasonably calculated to locate responsive records, as FOIA requires. *See Weisberg v. U.S. Dep't of Just.*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).

30. And the requested records are not exempt from FOIA pursuant to 5 U.S.C. § 552(b).

31. The SEC has also failed to respond to Empower Oversight's requests within the statutory time period. *See* 5 U.S.C. § 552(a)(6).

32. Accordingly, Empower Oversight has exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C).

33. By failing to release all responsive, non-exempt records, the SEC has violated FOIA. *See* 5 U.S.C. § 552(a)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Empower Oversight respectfully requests that this Court:

i. Declare that the requested records, as described in the foregoing paragraphs, must be disclosed pursuant to 5 U.S.C. § 552.

ii. Order the SEC to conduct legally sufficient searches immediately for all records responsive to Empower Oversight's FOIA requests and demonstrate that the search methods were reasonably likely to lead to the discovery of responsive records.

iii. Order the SEC to produce by a date certain all non-exempt records responsive to Empower Oversight's FOIA requests.

iv. Award Empower Oversight attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

v. Grant Empower Oversight such other and further relief as this Court deems proper.

February 4, 2025

Respectfully submitted,

*/s/ Brian J. Field*
BRIAN J. FIELD
D.C. Bar No. 985577
SCHAERR | JAFFE LLP
1717 K Street NW
Suite 900
Washington, DC 20006
Tel.: (202) 787-1060
Email: bfield@schaerr-jaffe.com

*Counsel for Plaintiff*